SAM LANDAU, PLAINTIFF-APPELLANT, v. WILLIAM SCHMITZ, ALSO KNOWN AS W. SCHMITZ, DEFENDANT-RESPONDENT.

Argued May 18, 1943—Decided September 16, 1943.

For the plaintiff-appellant, *Hammer & Hammer, Joseph A. Feder* and *Jack Rinzler.*

For the defendant-respondent, *Lewis S. Jacobson* and *Paul C. Kemeny.*

The opinion of the court was delivered by

BODINE, J. The present action was against the maker of a check of the tenor following: "First Bank and Trust Company Perth Amboy, N. J. Nov. 12, 1940 No. 60 Pay to the order of David Friedman $250.00 Two hundred and fifty 00/00 Dollars Payable at par through the Federal Reserve Bank or New York Clearing House H. Schmitz."

The endorsements, other than the bank endorsements, were as follows: "David Friedman Sam Landau."

The payee and endorser of the check, David Friedman, is a member of the bar of this state.

The testimony shows that the plaintiff, Sam Landau, an auctioneer, was in the course of his business on November 12th, 1942, in the United States Bankruptcy Court at Paterson. Friedman asked him if he would not cash this check, showing it to him. This he did and gave Friedman $250 in cash. Friedman, in addition to his duties as a member of the bar, was also court reporter in the bankruptcy court. He banked in East Rutherford and when asking Landau to cash his check said: "Sam, I haven't the time to get to my bank and I can use the cash, I won't be able to get to my bank before three o'clock. Will you be able to cash this for me?" To this, Landau said he replied: "Certainly," and cashed it for him. Thereafter the check was protested at the bank upon which drawn and notices were duly sent.

The only defense seems to have been one under *R. S.* 7:2–59 that Friedman did not have title to the check drawn to his order because the consideration therefor was illegal. The proofs in the case show that the check was complete and regular upon its face; that Landau became the holder of it before it was over due and that he took it in good faith and for value, and that he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it. *R. S.* 7:2–52.

Section *R. S.* 7:2–56 provides what constitutes notice of defect and is as follows: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have

had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

There is no evidence that the plaintiff had actual knowledge of any infirmity, nor is there any evidence that he had knowledge of such facts that his action in taking the instrument amounted to bad faith.

There is no proof whatever that he had knowledge of any of the facts relating to the issuance of the check. A reasonable man, under the circumstances proved, could certainly not have had bad faith, and there should have been a verdict directed in his favor. The issue was not one which could be submitted to the jury. *Alexander* v. *Reiter,* 99 *N. J. L.* 447.

Judgment is reversed, with costs, to the end that a judgment be entered for the plaintiff in the court below.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.